IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORRAINE PAMELA PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 15-CV-184-PJC |
| | ) |
| NANCY A BERRYHILL, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and her Supplemental Application for Award of Attorney's Fees Under EAJA [Dkt. ##29, 32]. Defendant, the Acting Commissioner of the Social Security Administration ("Commissioner"), opposes the initial motion. [Dkt. #30]. The Commissioner did not respond to the supplemental motion.

EAJA requires the United States to pay attorney fees and costs to a "prevailing party" unless the Court finds the position of the Commissioner was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). In *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." *Id.* A position may be substantially justified even though it was not supported by substantial evidence. If this were

---

[1] Effective January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration and is substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

not the case, then there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). Reasoning that such an automatic award of fees under EAJA would be contrary to the intent of Congress, the Tenth Circuit has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267.

The government has the burden of establishing its position was substantially justified. *Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). In evaluating whether the government's position was substantially justified, the focus is on the issue that led to remand, rather than the ultimate issue of disability. *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995). Therefore, the government must justify both its position in the underlying administrative proceedings and its position in any subsequent court litigation. *Hackett*, 475 F.3d at 1170. Consequently, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position. *Id.* at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

Citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991), the Commissioner asserts she was substantially justified in defending the ALJ's decision based on the "strong administrative record." [Dk.t #30 at 3]. This argument lacks merit.

The Court reversed and remanded the Commissioner's decision because the ALJ failed to discuss opinion evidence from consultative examiner Kay Smasal, Ph.D., and non-examining state agency psychologists. [Dkt. #27 at 20]. In her response to plaintiff's fee motion, the Commissioner—citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991)—argues her position was substantially justified because she relied on an arguably defensible administrative

record. However, as the court in *Crawford* also stated, "Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action." *Id.* And it is undisputed in this circuit that:

- An ALJ, in addition to discussing the evidence supporting his decision, "also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). *See also Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (It is error to ignore evidence supporting a finding of disability while highlighting the evidence that favors a finding of nondisability).

- The ALJ is required to discuss all opinion evidence and to explain what weight he gives it. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). *See also* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); and

- The ALJ is not allowed to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence. *Keyes-Zachary v. Astrue* , 695 F.3d 1156, 1166 (10th Cir. 2012).

Given the factual and legal errors the ALJ committed, the administrative record is not arguably defensible. As a result, the undersigned concludes the Commissioner has failed to show that both her position in the underlying administrative proceedings and in this court litigation was substantially justified, and therefore, EAJA fees should be awarded.

Plaintiff has requested EAJA fees in the amount of $3,633.20. The Commissioner did not object to the amount of the fee request, and the undersigned finds the request is reasonable.

Additionally, the court finds plaintiff's request for supplemental fees of $614.00 incurred in replying to the Commissioner's response in opposition is reasonable.

Accordingly, the Court hereby awards EAJA fees in the amount of $4,247.00. Pursuant to the Commissioner's usual practice, the check should be made payable to plaintiff and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254-55 (10th Cir. 2007) (the award of EAJA attorney's fees is to claimant and not to the attorney). If attorney fees are also awarded and received by counsel under 42 U.S.C. § 405(b) of the Social Security Act, counsel shall refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 27th day of March, 2017.

_____
Paul J. Cleary
United States Magistrate Judge